IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KENAI

| | |
|---|---|
| NICOLE REID, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) |
| GEICO GENERAL INSURANCE COMPANY, | ) ) ) |
|     Defendant. | ) ) |

Case No. 3KN-17-_____ CI

## COMPLAINT

Plaintiff, Nicole Reid, by and through her attorneys, Gilman & Pevehouse, states and alleges as follows:

1. Plaintiff Nicole Reid is and was at all times relevant hereto a resident of Alaska and the Third Judicial District, residing in Soldotna, Alaska.

2. Defendant Geico General Insurance Company ("Geico") is and was at all times relevant hereto a business principally located in Virginia, and qualified and registered to do business in Alaska.

3. Defendant Geico was Plaintiff's vehicle insurance carrier at all times relevant hereto. More specifically, Plaintiff was a named "additional driver" under Yale Larson and Viola Larson's policy.

4. The underlying accident which is the subject matter of this lawsuit occurred in Soldotna, Alaska on December 31, 2012.

5. Venue is proper in this district because the automobile accident that is the subject matter of this lawsuit occurred in Soldotna, Alaska.

*Reid v. Geico*, 3KN-17-_____ CI
Complaint, Page 1 of 7

GILMAN & PEVEHOUSE
130 SOUTH WILLOW STREET, SUITE 5
KENAI, ALASKA 99611
PHONE (907) 283-2600  FAX (907) 283-2009

Case 3:17-cv-00179-HRH   Document 1-1   Filed 08/21/17   Page 1 of 7

## JURISDICTION

6. Plaintiff, who was injured in said accident, is a resident of Soldotna, Alaska.

7. Defendant Geico, Plaintiff's insurer, engaged in the transaction of business within Alaska as an insurance carrier.

8. This action involves written insurance contracts issued in Alaska to be performed in Alaska and thus jurisdiction and venue are properly before this Court pursuant to AS § 22.10.020.

## GENERAL ALLEGATIONS

9. On or about December 31, 2012 at approximately 5:24 p.m. Plaintiff Nicole Reid was walking in the Fred Meyer parking lot. Spring Larrow abruptly backed up her vehicle from a parking space at the Fred Meyer parking lot and ran over Plaintiff's left foot.

10. Spring Larrow left the parking lot without stopping and was eventually arrested and charged with assault in the III degree, a felony.

11. On February 1, 2013, Spring Larrow plead guilty to a lesser charge of reckless endangerment.

12. At all times relevant to the accident, Spring Larrow negligently operated her motor vehicle by suddenly backing up and running over Plaintiff's left foot, failing to pay attention, and operating her vehicle under the influence.

13. Spring Larrow owed the Plaintiff a duty to exercise reasonable care in the operation of her vehicle, and thus breached her duty in that she failed to operate her vehicle in a safe and reasonable manner.

14. As a direct and proximate result of Spring Larrow's negligence, Plaintiff sustained severe and permanent injuries and damages.

GILMAN & PEVEHOUSE
130 SOUTH WILLOW STREET, SUITE 5
KENAI, ALASKA 99611
PHONE (907) 283-2600   FAX (907) 283-2909

15. Plaintiff has continued to suffer after the accident and treatment.

16. As a result of the accident with the third-party driver Spring Larrow, Plaintiff settled a related claim with Spring Larrow's insurance carrier for policy limits.

17. Following the accident with Spring Larrow, Plaintiff demanded an uninsured/underinsured (UIM) policy limit payment from Defendant.

18. Defendant refused to make adequate payment to Plaintiff as required under the UIM Insurance Policy.

19. Defendant's refusal to make adequate payment to Plaintiff is without a reasonable basis in fact or law.

20. Defendant's refusal to make adequate payment to Plaintiff was made in bad faith and for the purpose of denying the benefits of contract for underinsured motorist coverage to Plaintiff.

21. Defendant's refusal to make adequate payment to Plaintiff was an unlawful attempt to force Plaintiff to accept less money than the amount due under the Policy.

22. Defendant Geico owes Plaintiff the following duties, among others: (a) duty to honor the UIM insurance contract for the entire policy duration; (b) a duty to conduct a prompt, reasonable and diligent investigation of the facts of the case to determine the validity of the claims made by Plaintiff against Defendant Geico; (c) a duty to evaluate the Plaintiff's claims fairly; (d) a duty to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim where liability is reasonably clear; (e) a duty to act promptly and reasonably in settling the claim; (f) a duty not to reject a reasonable and fair offer of settlement; (g) a duty not to put its insureds through unnecessary litigation; (h) a duty not to put its insured's assets at risk; (i) a duty to refrain from actions that would injure the

*Reid v. Geico*, 3KN-17-_____ CI
Complaint, Page 3 of 7

Case 3:17-cv-00179-HRH   Document 1-1   Filed 08/21/17   Page 3 of 7

Plaintiff's ability to obtain the benefits of the insurance contract; and (j) failing to pay any reasonable portion of the insurance coverage to Plaintiff.

23. Defendant Geico breached its duties owed to Plaintiff by, among other things, (a) failing to honor the UIM insurance contract; (b) failing to conduct a prompt, reasonable, and diligent investigation of the claims made against Geico; (c) failing to evaluate the claim fairly; (d) failing to tender the claims; (e) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims; (f) not making any reasonable settlement offers to the claims; (g) failing to accept reasonable and fair offers of settlement; (h) putting its insured, Plaintiff, through unnecessary litigation; (i) putting its insured's personal assets at risk; and (j) failing to pay any reasonable portion of the insurance coverage to Plaintiff.

24. As a direct and proximate cause of Defendant Geico's breaches of its duties owed to its insured, Plaintiff, she has been deprived of the benefits to which she was entitled, and was forced to incur expenses to obtain the benefits to which they were otherwise entitled and Plaintiff has otherwise been damaged in amounts to be determined at trial.

25. Defendant Geico's actions herein constitute bad faith insurance practices.

26. The Court should enter a declaratory judgment that Defendant Geico must pay its policy limits to Plaintiff in order to satisfy the damages sustained by Plaintiff in the underlying accident.

27. Plaintiff has been required to engage the services of attorneys, and accordingly have incurred attorney's fees and costs to bring this action.

//

GILMAN & PEVEHOUSE
130 SOUTH WILLOW STREET, SUITE 5
KENAI, ALASKA 99611
PHONE (907) 283-2690   FAX (907) 283-2009

## FIRST CAUSE OF ACTION
### Breach of Contract

28. Plaintiff incorporates and realleges the allegations contained in the preceding paragraphs.

29. There is a valid and existing insurance agreement between Plaintiff and Defendant.

30. Plaintiff performed under the agreement.

31. Defendant breached the agreement by refusing to properly compensate Plaintiff.

32. Plaintiff sustained damages in excess of the UIM policy limits as a result of Defendant's breach of the agreement.

## SECOND CAUSE OF ACTION
### Contractual Breach of Implied Covenant of Good Faith and Fair Dealing

33. Plaintiff incorporates and realleges the allegations contained in the preceding paragraphs.

34. There is implied in every contract a covenant of good faith and fair dealing.

35. Defendant breached its duty of good faith and fair dealing by refusing to properly compensate Plaintiff.

36. Plaintiff sustained damages in excess of the UIM policy limits as a result of Defendant's breach of the implied covenant of good faith and fair dealing.

## THIRD CAUSE OF ACTION
### Tortious Breach of Implied Covenant of Good Faith and Fair Dealing

37. Plaintiff incorporates and realleges the allegations contained in the preceding paragraphs.

38. There is implied in every contract a covenant of good faith and fair dealing.

39. Defendant breached its duty of good faith and fair dealing by refusing to properly compensate Plaintiff.

40. Plaintiff sustained damages in excess of the UIM policy limits as a result of Defendant's breach of the implied covenant of good faith and fair dealing.

41. Plaintiff is entitled to punitive damages.

## FOURTH CAUSE OF ACTION
### Bad Faith

42. Plaintiff incorporates and realleges the allegations contained in the preceding paragraphs.

43. The acts and omissions of Defendant as complained herein, and yet to be discovered in this matter, constitute bad faith.

44. Plaintiff sustained damages in excess of the UIM policy limits as a result of Defendant's bad faith.

45. Plaintiff is further entitled to punitive damages as a result of Defendant's bad faith.

## FIFTH CAUSE OF ACTION
### Unfair Trade Practices

46. Plaintiff incorporates and realleges the allegations contained in the preceding paragraphs.

47. Defendant has engaged in unfair trade practices, including Defendant's failure to properly settle Plaintiff's claim.

48. Plaintiff sustained damages in excess of the UIM policy limits as a result of Defendant's unfair trade practices.

49. Plaintiff is further entitled to punitive damages as a result of Defendant's unfair trade practices.

50. Plaintiff is entitled to treble damages for Defendant's unfair trade practices.

51. Plaintiff is entitled to full reasonable attorney's fees for Defendant's unfair trade practices.

WHEREFORE, Plaintiff prays for the following relief against the Defendant:

1. General damages in an amount in excess of the UIM policy limits;
2. Special damages in an amount in excess of the UIM policy limits;
3. Punitive damages in an amount to be determined at trial;
4. Treble damages in an amount to be determined at trial
5. Prejudgment interest, costs, and full reasonable attorney's fees as provided by law.

Dated this 20th day of July, 2017 at Kenai, Alaska.

Gilman & Pevehouse
Attorneys for Plaintiff

By: _____
Blaine D. Gilman, ABA# 8611112

Complaint, Page 7 of 7

Case 3:17-cv-00179-HRH   Document 1-1   Filed 08/21/17   Page 7 of 7